# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA J. LAWSON, | ) | CASE NO. 4:15-cv-2140 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LORETTA E. LYNCH, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

In this civil rights action, *pro se* plaintiff Sheila J. Lawson ("plaintiff" or "Lawson") has brought suit against the following defendants: Loretta E. Lynch ("Lynch"), as U.S. Attorney General; the Federal Bureau of Investigation ("FBI"); James B. Comey ("Comey"), as Director of the FBI; and the United States Department of Justice ("DOJ") (collectively "defendants"). (Doc. No. 10 (First Amended Complaint ["FAC"]).) Now before the Court is defendants' motion to dismiss the FAC. (Doc. No. 19 ["MTD"].) Plaintiff has filed a brief in opposition to the motion (Doc. No. 20 ["MTD Opp'n"]), and defendants have replied. (Doc. No. 21 ["MTD Reply"].) For the reasons that follow, defendants' motion to dismiss is granted, and this case is dismissed.

## I. BACKGROUND

Because defendants' motion to dismiss addresses the allegations contained in the FAC, the Court shall rely on this pleading, in addition to undisputed material facts, to supply the

factual background for the case.[1] All disputed facts are presented in a light most favorable to plaintiff, though the task of identifying the relevant facts was hindered by the fact that the FAC is confusing, rambling, and difficult to follow. Nonetheless, the Court believes that the following recitation adequately represents the sum and substance of plaintiff's claims and complaint allegations.

Plaintiff alleges that between October 15, 1995 and July 7, 2006, she was employed as a special agent for the FBI. (FAC ¶¶ 4, 10, 12.) In 2006 and 2007, she "participated in the EEOC discrimination complaint process through the FBI's Office of Equal Employment Opportunity Affairs (OEEOA) at FBI Headquarters in Washington, DC." (*Id.* ¶ 11.) Plaintiff resigned her position with the FBI "on or about" July 7, 2006. (*Id.* ¶ 12.) It is undisputed that, following her resignation, plaintiff made several unsuccessful attempts to be re-instated as an FBI special agent.

In November 2008, plaintiff was hired as the "Court Administrator of the City of Youngstown Municipal Court" in Youngstown, Ohio. (*Id.* ¶ 14.) In 2009 she "initiated charges of discrimination and retaliation" against the City of Youngstown ("City") and various city officials "in connection with her employment" with the City. (*Id.* ¶ 15.) On December 30, 2010,

---

[1] Plaintiff filed the FAC on March 25, 2016. On May 18, 2016, plaintiff filed a "Request for Leave of the Court to file the First Amended Complaint and Jury Demand." (Doc. No. 18.) Rule 15 of the Federal Rules of Civil Procedure governs plaintiff's request to amend and permits a party to amend once, as a matter of right, within 21 days of the filing of a responsive pleading or a Rule 12(b) motion. Defendants' motion to dismiss was filed on May 18, 2016, the same day plaintiff sought leave to amend. As such, plaintiff did not need leave of court, and her motion to amend is denied as moot.

plaintiff filed suit in this Court against the City and various city officials, alleging wrongful termination and discrimination based on race. (*Id*. ¶ 21; *Lawson vs. City of Youngstown, et al*., N.D. Ohio Case No 4:10-cv-2945-BYP, Doc. No. 1 (Complaint).) The case was eventually dismissed with prejudice, under Fed. R. Civ. P. 37, after the Court determined that plaintiff had failed to cooperate during discovery. (Case No. 4:10-cv-2945, Doc. No. 157 (Memorandum of Opinion and Order) at 1539-40,[2] dated Sept. 30, 2013.)

On March 29, 2012, while plaintiff was purportedly using her home computer to compose a "legal document" associated with one of her EEOC charges, officers from the Youngstown Police Department arrived at her home and "allegedly arrested" her. Plaintiff complains that the officers did not have an arrest warrant. (FAC ¶ 32.) At the state criminal trial that followed, officers testified that they responded to emergency calls from plaintiff's residence, and, once on the scene, they observed plaintiff yelling profanities and lunging at her father and punching him in the face. *See State v. Lawson*, No. 12 MA 194, 2014 WL 1325751, at *1 (Ohio Ct. App. Mar. 5, 2014). A jury returned a guilty verdict against plaintiff for domestic violence and intimidation, and plaintiff's conviction was affirmed on appeal. (*Id*. at *1, 13.)

Beginning in 2010 and continuing through 2014, plaintiff alleges that she met with Supervisory Special Agent John Stoll ("Stoll") of the FBI Youngstown Resident Agency, and other FBI employees, to report suspicious activity involving "an unknown individual" and various named and unnamed Youngstown city officials. (FAC ¶¶ 19, 42, 45-50, 52-56, 58, 60-64.) While plaintiff claims that Stoll assured her that he would open a civil rights investigation,

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

3

she maintains that the FBI took no action on her complaint, and failed to investigate her allegations of wrongdoing by city officials. (*Id*. ¶¶ 43, 56-57.)

On May 2, 2016, plaintiff filed another *pro se* action in this Court against the City and 106 other defendants, including judges, police officers, attorneys, and named and unnamed private citizens. (*Lawson vs. City of Youngstown, et al*., N.D. Ohio Case No. 4:16-cv-1057-SL, Doc. No. 1 (Complaint).) The individual defendants included those officials and others who previously had been involved in the criminal prosecution of her domestic violence case in state court. Plaintiff alleged that the defendants, either individually or in concert with others, had been "covertly monitoring her via unauthorized surveillance and communications equipment," which she referred to as "USACE." (*Id*., Doc. No. 6 (Memorandum Opinion) at 342, citation to underlying complaint omitted.) She claimed that the defendants were using this technology to stalk her and disrupt her previously filed discrimination lawsuit. Citing *Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (per curiam), the Court dismissed the action *sua sponte* because it lacked a "legal plausibility necessary to invoke federal subject matter jurisdiction." (*Id*. at 341.) In so ruling, the Court found that it was "readily apparent . . . that plaintiff's fact allegations of secret monitoring and tracking [were] conclusory, frivolous, and fanciful." (*Id*. at 343, citations omitted.) The Court's judgment of dismissal was affirmed on appeal. (*Id*., Doc. No. 11 (*Lawson v. City of Youngstown*, *et al.*, No. 16-3655 (6th Cir. Jan. 3, 2017).)

Plaintiff filed the present lawsuit on October 15, 2015.[3] The FAC contains four claims.

---

[3] Plaintiff does not dispute that on October 19, 2015, she filed a lawsuit against the U.S. Attorney General and the FBI Director in the United States District Court for the District of Columbia, alleging failure to re-hire based on age, race, gender, and in retaliation. (*See Lawson vs. Lynch*, No. 1:15-cv-01723 (D.C., Doc. No. 1 (Complaint).)

Count One raises a claim of retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. Count Two raises retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*. Count Three raises a failure-to-hire claim under Title VII, based on race. Count Four raises a similar failure-to-hire claim under the ADEA, based on age. The retaliation claims focus on plaintiff's prior employment with the City, and it is the general gist of these claims that the FBI employed various named and unnamed city officials as confidential informants for the purpose of interfering with plaintiff's state employment and the defense of her state criminal action. The discrimination claims focus on plaintiff's unsuccessful efforts to seek re-employment with the FBI.

## II. RULE 12(B)(6) STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc*., 32 F. Supp. 3d 869, 874-75 (W.D. Mich. 2014) ("court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the

complaint") (quotation marks and citations omitted); *see also Williams v. CitiMortgage, Inc*., 498 F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document") (quotation marks and citation omitted).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed."[4] *Twombly*, 550 U.S. at 570 (citation omitted).

---

[4] Additionally, because plaintiff's retaliation claims against defendants hinge on allegations of a vast conspiracy with countless state actors, these allegations would be subject to the heightened particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 996 (W.D. Tenn. 2009) (citing, among authority, 5 Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1233 (3d ed. 2004)). However, in light of the fact that the Court finds that plaintiff's complaint does not even meet the more lenient pleading requirements of Rule 8, it need not test these allegations against Rule 9(b).

In considering the motion to dismiss, the Court is mindful that *pro se* complaints must be held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (citation omitted). Nonetheless, "pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to pro se litigants has limits." *Id.* (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). For example, where "a complaint consist[s] of nothing more than naked assertions, and set[s] forth no facts upon which a court could find a violation of the Civil Rights Acts, [it] fails to state a claim under Rule 12(b)(6)." *Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (the court is not required to "guess at the nature of the claim asserted"). Indeed, courts have been unwilling to "abrogate basic pleading essentials in *pro se* suits." *Wells*, 891 F.2d at 594 (collecting cases).

In deciding a motion to dismiss under Rule 12, the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56. As the Sixth Circuit has held, however, there are a number of exceptions to this rule. Indeed, it is well settled that in ruling on a Rule 12 dispositive motion, a district court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted);

*see Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss) (citations omitted). The Court may also consider materials that are public records or otherwise appropriate for taking judicial notice without converting a motion to dismiss into one for summary judgment. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (citations omitted).

### III. DEFENDANTS' MOTION TO DISMISS

#### A.      Statute of Limitations

As an initial matter, defendants insist that none of plaintiff's claims were filed within the statute of limitations and, therefore, must be dismissed as untimely. Timeliness is an affirmative defense that need not be affirmatively pled in a complaint. However, a statute of limitations defense may form the basis of a Rule 12(b)(6) motion "when it is apparent from the face of the complaint that the time limit for bringing the claim has passed." *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992) (quotation marks and citation omitted).

Under Title VII and the ADEA, once a plaintiff receives what is referred to as a "right-to-sue" letter ("RTS") from the EEOC advising her that her charge has been dismissed by the Commission, she has ninety days to file her action in district court. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Federal courts strictly enforce the ninety day statutory limitations period. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486, 65 L. Ed. 2d 532 (1980) (The ninety day limitation is strictly enforced because "experience teaches that strict adherence to the

procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) ("[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants") (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (per curiam)). Dismissal of a complaint filed more than 90 days after receiving the EEOC's RTS is appropriate even where a plaintiff is proceeding *pro se* because the plaintiff still has a "responsibility to meet the requirements of the law[.]" *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715, at *6 (6th Cir. Dec. 19, 2000) (citation omitted); *see Brown*, 466 U.S. at 152 (dismissing *pro se* complaint filed outside the limitations period).

"The Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration." *Graham-Humphreys*, 209 F.3d at 557 (emphasis in original). Thus, in the absence of evidence of the actual date of receipt, the Sixth Circuit applies the five-day presumption to determine the timeliness of a federal civil rights complaint.

In the FAC, plaintiff alleges that she "has exhausted administrative remedies because her formal complaint of discrimination was dismissed and her appeal to the . . . EEOC, Office of Federal Operations (OFO) reached a final decision." (FAC ¶ 3.) Plaintiff attaches a copy of the document to the FAC, which is dated July 9, 2015. (Doc. No. 10-1 (Appeal Decision of the EEOC ["RTS"]) at 88.) Because she did not plead the actual date of receipt of the RTS,

9

defendants argue that it is presumed that plaintiff received the RTS five days after it was issued, on July 14, 2015. According to defendants, in order for plaintiff to have complied with the ninety-day statute of limitations, she must have filed a complaint on or before October 13, 2015. Because she did not file her complaint until October 15, 2015, two days beyond the statutory period, defendants posit that the entire lawsuit is time-barred.

Plaintiff disagrees, and offers in her opposition brief an unverified statement advising that she "received the notice of right to file civil suit on July 18, 2015 instead of July 14, 2015. Plaintiff timely filed her lawsuit on October 15, 2015." (MTD Opp'n at 169.) Defendants maintain that this "self-serving, conclusory statement is insufficient to rebut the 5-day presumption." (MTD Reply at 175.) Citing only cases on summary judgment, defendants argue that plaintiff was required to come forward with affirmative evidence establishing the date she received the EEOC's RTS letter. (*Id*., collecting cases.)

In *Rembisz v. Lew*, 590 F. App'x 501 (6th Cir. 2014), the court reversed a district court's order dismissing an employment discrimination action because it was not filed within 95 days of the date of mailing of the EEOC's RTS letter. On appeal, the employer argued that the employee failed to come forward with any evidence demonstrating that he received the RTS letter beyond the presumptive five-day period. *Id*. at 504. The court rejected the argument. Underscoring both that the timeliness issue was raised in a motion to dismiss and that the employee had alleged in his complaint a receipt date that was beyond the five-day presumptive period, the court reasoned that the employer's argument "jump[ed] the gun, as presenting evidence is one of the obligations imposed under Rule 56, not Rule 12, of the Federal Rules of Civil Procedure. When the complaint alleges a late date of receipt, or non-receipt, for purposes of a Rule 12(b)(6) motion, a

10

court must accept that allegation as true and must then deny a defendant's motion to dismiss for timeliness." *Id* (footnote omitted).

Unlike the complaint in *Rembisz*, plaintiff's complaint does not contain an allegation that the RTS letter was received outside of the presumptive five-day window, and this fact is fatal to plaintiff's claims. In an absence of such an allegation, the complaint's affirmative reliance on the RTS letter invokes the presumption that it was received within five days of the date on the letter and renders plaintiff's claims untimely. As such, plaintiff has "plead[ed herself] out of court" by affirmatively demonstrating that her claims are time-barred. *Rembisz*, 590 F. App'x at 504.

Plaintiff has already amended her complaint once, and she has not sought leave to further amend. Though a lay person, plaintiff has considerable litigation experience and has demonstrated that she is familiar with pleading requirements. Still, the Court has discretion to grant her an opportunity to further amend to attempt to cure this deficiency. *See United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (citations omitted). The Court finds that such an exercise would be futile because her claims would still be subject to a Rule 12(b)(6) dismissal. As the Court will explain below, plaintiff's retaliation claims fail to state a claim for which relief can be given, and her failure-to-hire claims have not been properly exhausted.[5]

B.     **Plaintiff's Complaint Fails to State a  Claim for Retaliation**

To state a prima facie case for retaliation under Title VII and the ADEA, a plaintiff must plead the following: (1) she engaged in a protected activity; (2) the exercise of her civil rights

---

[5] The Court could also convert the present Rule 12(b)(6) motion into one for summary judgment, and afford plaintiff an opportunity to come forward with evidence to rebut the five-day presumption. For the same reason, such a course of action is not warranted in this case.

was known to the defendant; (3) the defendant took an employment action adverse to her; and (4) there is a causal connection between the protected activity and the adverse employment action. *Imwalle v. Reliance Med. Prod., Inc*., 515 F.3d 531, 544 (6th Cir. 2008) (citing *EEOC v. Avery Dennison Corp*., 104 F.3d 858, 860 (6th Cir. 1997)); *see also Fox v. Eagle Distrib. Co., Inc*., 510 F.3d 587, 591 (6th Cir. 2007) (identifying these elements and acknowledging that "Title VII's anti-retaliation provision is similar in relevant respects to the ADEA's anti-retaliation provision") (citing, among authority, *Wathen v. Gen. Elec*., 115 F.3d 400, 404 n.6 (6th Cir. 1997)).

Defendants argue that plaintiff has not alleged a plausible claim of retaliation under either Title VII or the ADEA because she has failed to plead that the FBI took an adverse employment action against her. The adverse employment action requirement in the retaliation context is not limited to an employer's actions that solely affect the terms, conditions, or status of employment, or only those acts that occur at the workplace. *See Hawkins v. Anheuser-Busch, Inc.,* 517 F.3d 321, 345 (6th Cir. 2008) (*citing Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). The retaliation provision instead protects employees from conduct that would have "dissuaded a reasonable worker" from engaging in the protected activity. *Id.* (quotation marks and citation omitted). "In this respect, Title VII's anti-retaliation provision is broader than Title VII's discrimination provision." *Miller v. City of Canton*, 319 F. App'x 411, 420-21 (6th Cir. 2009) (citing *Niswander v. Cincinnati Ins. Co*., 529 F.3d 714, 720 (6th Cir. 2008)).

Plaintiff identifies the following "adverse actions" as supporting her retaliation claims:

shielding FBI informants from prosecution for crimes such as public corruption by various officials including judges; perjury by prosecutors[;] police officers and

> bailiff and other obstruction of justice such as concealment of evidence by public officials that was favorable to Plaintiff or alteration of evidence of court proceedings; intimidation of an attorney or witness; false 911 calls by neighbors (Misuse of the 911 system); and [] extortion.

(MTD Opp'n at 160.) These actions are obviously limited to plaintiff's post-employment (federal and state) participation in the state criminal justice system, and it is unclear whether such actions could ever give rise to any type of employment claim under Title VII and the ADEA. What is clear, however, is that plaintiff has failed to plead any factual allegations that would establish a tangible connection between the actions of the named and unnamed state actors and defendants.

The FAC outlines in some detail the actions taken by police officers, judges, lawyers, and other state actors plaintiff encountered during the course of her criminal prosecution.  In each instance, she then attempts to tie the actor to defendants by suggesting, in conclusory fashion, that the state actor was obviously acting as, or influenced by, a "current or former FBI" confidential informant. (*See, e.g.*, FAC ¶¶ 32, 33, 36, 38, 41, 46, 59, 74.) While all factual allegations in a complaint must be accepted as true for purposes of a Rule 12(b)(6) motion, such conclusory allegations are entitled to no such deference and must be disregarded. *See Iqbal*, 556 U.S. at 678-79. Ultimately, the Court finds that plaintiff's formula of pairing factual allegations of actions taken by others with conclusory allegations that defendants must be controlling these actions, fails to satisfy the pleading requirements of Rule 8.

Yet, plaintiff insists that she can establish this connection. First, she cites the fact that Congress has passed laws that criminalize the participation in a conspiracy to commit crimes. (MTD Opp'n at 166, citing 18 U.S.C. § 241.) The fact that Congress saw need to pass such laws does not establish that defendants are guilty of violating them. Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable

13

for the misconduct alleged. *Iqbal*, 556 U.S. at 678-79 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557).

Second, that the FBI's decision not to pursue an investigation into plaintiff's allegations of public corruption or release the names of all FBI confidential informants occurred during, or shortly after, the adverse state actions identified by plaintiff, alone, does not establish the causal connection plaintiff needs to make a prima facie case of retaliation against defendants. *See Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007) (temporal proximity, standing alone, is not enough to establish a causal connection for a retaliation claim) (citation omitted); *see, e.g., Denton v. Fairfield Med. Ctr.*, No. 2:11-cv-0716, 2012 WL 2409224, at *4 (S.D. Ohio June 26, 2012) (termination occurring shortly after return from FMLA leave, alone, was insufficient to establish the requisite causal connection for retaliation claim) (citations omitted). Ultimately, the Court concludes that plaintiff has failed to plead allegations that establish a plausible claim that defendants took an adverse employment action against plaintiff, and her retaliation claims are subject to dismissal.

### C.     Plaintiff's Failure-To-Hire Claims are Not Properly Exhausted

Defendants argue that the remaining claims, both challenging the FBI's refusal to reinstate her as a special agent, must be dismissed because plaintiff has not exhausted her administrative remedies with respect to these claims. Exhaustion of remedies is a precondition to filing a lawsuit under Title VII and the ADEA. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted). An employee who does not first exhaust her administrative remedies is precluded from bring such claims in federal court. *Flowers v. Potter*, No. 3:05-cv-052, 2008 WL

14

697630, at *7 (S.D. Ohio Mar. 11, 2008) (citing, among authority, *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)); *see Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 361 (6th Cir. 2010) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [her] EEOC charge.") (citing 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver Co*., 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974)).

Like the issue of timeliness, the question of exhaustion may be properly addressed on a Rule 12(b)(6) motion to dismiss. *See, e.g., Youseff v. Ford Motor Co*., *Inc*., No. 99-3608, 2000 WL 799314, at *3 n.3 (6th Cir. June 6, 2000) (collecting cases); *Zubovich v. Wal-Mart Stores E., Inc*., No. 09 CV 2971, 2010 WL 1742117, at *3 (N.D. Ohio Apr. 29, 2010) (dismissing Title VII claim for failure to exhaust). "In doing so, the Court may appropriately consider the [EEOC] Charge without converting" a motion to dismiss into a motion for "summary judgment." *Weldon v. Warren Cnty. Children Servs*., No. 1:12-cv-279-HJW, 2012 WL 5511070, at *4 (S.D. Ohio Nov. 14, 2012) (citing *Weiner v. Klais & Co., Inc*., 108 F.3d 86, 88-89 (6th Cir. 1997); *Toth v. Grand Truck R.R*., 306 F.3d 335, 348 (6th Cir. 2002)).

Defendants, once again, direct the Court's attention to the FAC and specifically plaintiff's affirmative allegation that she had exhausted her remedies and the reference to the July 9, 2015 RTS issued by the EEOC as support. (*See* FAC ¶ 3; RTS at 88.) In particular, defendants note that the RTS clearly provides that the EEOC did not consider plaintiff's charges of discrimination in connection with her separation from the FBI and her failed attempts to obtain reinstatement. (RTS at 84, 86 & n.1 ["the circumstances of Complainant's separation from Agency employment and attempt to be reinstated [have] been addressed in EEOC Appeal No. 0120133022, and will not be revisited herein."].)  "Because the EEOC did not address the merits

15

of the failure-to-hire claims in its administrative decision," defendants argue "these claims have not been exhausted for purposes of the" FAC. (MTD at 150, collecting cases finding a failure to exhaust where claims were not included in the issues the EEOC agreed to investigate.)

Plaintiff does not deny that she affirmatively pleaded exhaustion, or that the RTS clearly indicates that her claims of discrimination related to her attempts to seek reinstatement with the FBI were not addressed in the RTS. Instead, she claims that defendants' motion "put[s] forth a faulty assertion that the failure to hire claim is the same claim pending in a separate EEOC Appeal process." (MTD Opp'n at 167.) That the failure-to-hire claims raised in the FAC are different from the ones that were not considered in the RTS brings plaintiff no closer to establishing exhaustion. The following facts remain: (1) plaintiff affirmatively alleged that she exhausted her remedies as to all claims and cited the RTS as proof; (2) failure-to-hire charges were not addressed in the RTS; and (3) plaintiff has not alleged, or even argued, that she has otherwise exhausted the failure-to-hire claims raised in the FAC. Under the circumstances, these claims are unexhausted and subject to dismissal.

## IV. CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss is granted. All claims are dismissed as time-barred. Plaintiff's retaliation claims are dismissed for the additional reason

they fail to state a claim for which relief may be given, and plaintiff's failure-to-hire claims are also dismissed for failure to exhaust administrative remedies. This case is closed.

      **IT IS SO ORDERED**.


Dated: March 14, 2017

                                                        
                         **HONORABLE SARA LIOI**
                         **UNITED STATES DISTRICT JUDGE**